IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30295
_____


LYNDA ALDY, on behalf of Charles Durwood Aldy,
Individually and as legal representative;
JANET M. WALKER,

Plaintiffs-Appellees,

versus

VALMET PAPER MACHINERY, GLOBE INC., THORNTON
INDUST. INC., FENNER FLUID POWER, FENNER
P.L.C., and J.H. FENNER & CO., LTD.,

Defendants,

versus

VALMET OY,

Defendant-Appellant.

*****************************

MARY ANN BUGGS MALONE, MARCUS T. MALONE, KEITH
T. MALONE and MIA SHALETTE MALONE,

Plaintiffs-Appellees,

versus

VALMET PAPER MACHINERY and THORNTON
INDUSTRIES, INC.,

Defendants,

versus

VALMET OY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

January 22, 1996

Before REAVLEY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

This case presents the applicability of the commercial activities exception to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq., in a products liability suit asserting failure to warn, design, and manufacturing defects in a machine designed and manufactured in Finland and installed in Louisiana. We conclude that the exemption is applicable and affirm the district court's refusal to dismiss for lack of jurisdiction.

I.

On March 18, 1991, Charles Aldy and Charley Malone were crushed to death while they were working in a paper machine at the Stone Container Corporation's paper mill in Hodge, Louisiana. Aldy's wife and daughter brought a wrongful death action naming, among others, the alleged manufacturer of the paper machine, Valmet Paper Machinery, as a defendant under Louisiana's product liability statute. See La.R.S. §§ 9:2800.52-57. In a separate action, Malone's survivors sued VPI, also alleging that VPI's faulty design and construction of the paper machine caused Malone's death. VPI removed both actions to the United States District Court for the Western District of Louisiana. After the Aldys and the Malones discovered that VPI had no connection to the paper machine, they amended their complaints to name Valmet Oy as a defendant. Valmet had designed, manufactured, and supervised the on-site construction of the paper machine.

Valmet moved to dismiss the Aldys' complaint for lack of subject matter jurisdiction, claiming immunity under the Foreign

2

Sovereign Immunities Act. Magistrate Judge Simon issued his report and recommendation concluding that the Aldys' suit fell within the commercial activities exception to the FSIA.[1] The Magistrate Judge pointed to the third clause of § 1605(a)(2), which provides that a foreign sovereign is not immune from suit in any case in which the action is based "upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." The magistrate judge found that Valmet was in the business of producing paper-making machines in Finland and that the Aldys' suit was based upon Valmet's allegedly negligent acts of designing and manufacturing the paper machine in Finland. Moreover, the magistrate judge found that the Aldys' complaint alleged that Valmet's faulty design and manufacture "caused a direct effect in the United States, that is the death of the plaintiffs' decedent."

In addition, the magistrate judge rejected Valmet's argument that the Aldys must identify specific defects in the design or manufacture of the paper machine that caused the accident in order to establish jurisdiction under the FSIA. While the magistrate judge noted that the failure to identify such defects would subject the Aldys to dismissal on a motion for summary judgment on the merits, he concluded that the complaint's allegations were sufficient to assert subject matter jurisdiction over the claims

---

[1]    28 U.S.C. § 1605(a)(2).

against Valmet. The district court adopted the magistrate judge's report.

Valmet moved for summary judgment in both the Aldys' and the Malones' suits. It reurged its argument that it was immune under the FSIA, this time because there was allegedly no evidence in the record to indicate that Valmet was negligent in designing or manufacturing the paper machine. The district court denied Valmet's motion, noting that the court had already addressed and rejected Valmet's FSIA arguments. The district court later consolidated the Aldy and Malone suits.

After discovery had been completed, Valmet once again moved for summary judgment. Valmet argued that the Aldys and Malones had failed to produce any evidence that the paper machine was unreasonably dangerous as a result of Valmet's design or manufacture of the machine. Once again, it reurged its argument that is was immune from suit under the FSIA because the Aldys and the Malones had failed to demonstrate a specific defect in the design or manufacture of the paper machine. Finally, Valmet argued that Louisiana's statute of peremption barred their claims.

The district court disagreed and denied Valmet's motion. The district court found that the Aldys and Malones had produced sufficient evidence that the paper machine was unreasonably dangerous to withstand Valmet's motion for summary judgment. Regarding Valmet's FSIA argument, the district court noted that Valmet had not demonstrated any reason for the court to revisit its earlier rulings holding that the commercial activities exception

4

applied to the Aldys' and Malones' claims against Valmet. Finally, the court held that Louisiana's statute of peremption only applied to contracts to build and not to contracts for the sale of immovable property. Noting that Valmet had only shown that it built the paper machine and then sold it to Stone Container's predecessor, the district court held that the Aldys' and Malones' suits were not barred by Louisiana's statute of peremption. This timely appeal followed.

## II.

The denial of summary judgment is not a final order appealable under 28 U.S.C. § 1291, under the collateral order doctrine established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), but we have jurisdiction over interlocutory orders denying claims of immunity under the FSIA. Stena Rederi AB v. Comision de Contratos del Comite, 923 F.2d 380, 385 (5th Cir. 1991).

Valmet also appeals the district court's ruling that Louisiana's statute of peremption does not bar the Aldys' and Malones' suits. Unlike the district court's denial of sovereign immunity, the denial of summary judgment on the grounds of a statute of limitations is neither a final order, Weinstock Hermanos & CIA Ltda v. American Aniline & Extract Co., 406 F.2d 1327, 1328 (3rd Cir. 1969), nor does it fit within that small category of claims subject to immediate appeal under the Cohen doctrine. United States v. Levine, 658 F.2d 113, 129 (3d Cir. 1981). We may not consider the merits of Valmet's statute of peremption argument.

5

III.

No one disputes that Valmet qualifies as a foreign sovereign. See 28 U.S.C. § 1603(b)(2). As such, it is immune from suit in the United States unless one of the enumerated exceptions to the FSIA applies.

The third clause of the commercial activities exception provides that a foreign sovereign is not immune from suit in any case in which the action is based "upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). The plain language of the provision limits our analysis to determining whether the Aldys' and Malones' lawsuits are 1) based upon an act outside the U.S., 2) that was taken in connection with a commercial activity of Valmet outside the U.S.; and, 3) that caused a direct effect in the U.S. Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 611 (1992).

The first two elements ensure that "there must be a connection between the plaintiff's cause of action and the commercial acts of the foreign sovereign." Stena Rederi, 923 F.2d at 386 (emphasis added). The Aldys' and Malones' suits are based upon the commercial acts of Valmet outside the U.S. Valmet does not dispute that it is in the business of designing and manufacturing paper machines in Finland, nor does it dispute that it designed and manufactured the paper machine in which Aldy and Malone were killed. Moreover, the gravamen of the plaintiffs' suits are that

6

the paper machine "was unreasonably dangerous in its construction, make-up composition and design." In short, the plaintiffs' suits appear to be classic design and manufacturing defect suits, which the third clause of the commercial activities exception is broad enough to cover. See, e.g., Ohntrup v. Firearms Center Inc., 516 F.Supp. 1281, 1286-87 (E.D. Pa. 1981), aff'd, 760 F.2d 259 (3d Cir. 1985).

Valmet's next contention that the plaintiffs have failed to prove that there is a direct causal nexus between Valmet's commercial activity and the plaintiffs' injuries fares no better. "[A]n effect is 'direct' if it follows 'as an immediate consequence of the defendant's . . . activity.'" Weltover, 504 U.S. at 618. Although there may be instances in which the causal chain of events on which a plaintiff's suit is based is too attenuated to support subject matter jurisdiction under the FSIA, this suit is not that case. The plaintiffs maintain that Aldy's and Malone's deaths resulted from either the negligent design or manufacture of the paper machine or both. Stated another way, the Aldys and Malones contend that Aldy's and Malone's deaths were an immediate consequence of Valmet's negligent design and manufacturing of the paper machine. These allegations are sufficient to confer subject matter jurisdiction. See Ohntrup, 516 F.Supp. at 1287 (holding that subject matter jurisdiction exists where defective product that was designed and manufactured abroad caused injury to U.S. purchaser).

Finally, Valmet argues that the commercial activities exception does not encompass failure to warn claims. Relying upon In re Air Crash Disaster Near Warsaw, Poland, 716 F.Supp. 84 (E.D.N.Y. 1989), rev'd on other grounds, 907 F.2d 1328 (2d Cir. 1990), Valmet argues that the failure to act is not an "act" sufficient to confer subject matter jurisdiction under the FSIA. We disagree. In re Air Crash Disaster held that "a failure to warn does not constitute an 'act performed in the United States in connection with a commercial activity of the foreign state elsewhere' as required by the second commercial activity exemption in the statute." 907 F.2d at 1333 (emphasis added). That case did not hold that a failure to warn of a defect in a product designed and manufactured outside the U.S. cannot be an act outside the U.S. sufficient to confer subject matter jurisdiction under the third clause of § 1605(a)(2). To the contrary, an omission is an act. The critical question is whether the plaintiff's suit is based upon an omission--the failure to warn--that occurred outside the U.S. but caused a direct effect in the U.S.[2] We have already answered that question in the affirmative in this case.

IV.

We AFFIRM the order of the district court denying Valmet's motion for summary judgment for lack of subject matter jurisdiction

---

[2] The third clause of § 1605(a)(2) was unavailable to the plaintiffs in In re Air Crash Disaster. The act upon which the plaintiffs had based their suit did not cause a direct effect in the U.S. since the deaths of plaintiffs' family members had occurred outside the U.S. Stated another way, the plaintiffs in that case were forced to argue that the failure to warn was an act inside the U.S.

8

under the FSIA and we DISMISS Valmet's appeal from the district court's order denying its state law statute of peremption defense.