United States Court of Appeals,

Fifth Circuit.

No. 94-60732.

Kenneth BROWN and Elmira Brown, Plaintiffs-Appellees,

International Paper Company, Intervenor-Plaintiff-Appellee,

v.

VALMET-APPLETON, et al., Defendants,

Valmet Paper Machinery, Inc., Defendant-Appellant.

March 18, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before POLITZ, Chief Judge, and JONES and PARKER, Circuit Judges.

POLITZ, Chief Judge:

Valmet Paper Machinery, Inc. (VPI), a Finnish corporation, appeals the trial court's denial of a claim of sovereign immunity as a defense to plaintiffs' complaint. For the reasons assigned we affirm and remand.

*Background*

Kenneth Brown was employed by International Paper Company as an operator at the company's Moss Point, Mississippi paper mill. On August 1, 1990, Brown suffered serious injury when his right hand and arm were pulled into a paper winder. He has undergone several surgical procedures for the reconstruction of his arm and allegedly is maimed for life.

On July 6, 1993, Brown and his wife filed the instant action against, *inter alia,* VPI which responded with a motion to dismiss for lack of subject matter jurisdiction, invoking the Foreign

Sovereign Immunities Act of 1976 (FSIA), codified at 28 U.S.C. §§ 1602 *et seq.*[1]  In its motion, VPI averred that it was a wholly-owned subsidiary of Valmet Corporation, 70% of the stock of which is held by the Republic of Finland.  As such, VPI claimed qualification as a foreign state under 28 U.S.C. § 1603[2] and concomitant entitlement to sovereign immunity under 28 U.S.C. § 1604.[3]  The district court denied this motion, applying the

---

[1]Fed.R.Civ.P. 12(b)(1);  *Argentine Republic v. Amerada Hess,* 488 U.S. 428, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989).

[2]**§ 1603. Definitions**

For purposes of this chapter [28 U.S.C. § 1602 *et seq.*]—

(a) A "foreign state" ... includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(a) and (d) of this title nor created under the laws of any third country.

[3]**§ 1604. Immunity of a foreign state from jurisdiction**

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607

2

commercial activity exception to foreign sovereign immunity.[4]  VPI timely appealed.

*Analysis*

The interlocutory order denying VPI's motion to dismiss, based upon a denial of sovereign immunity under the FSIA, is an appealable collateral order.[5]  We review *de novo* the district court's legal conclusions concerning VPI's immunity under the FSIA; we examine for clear error the factual findings upon which those conclusions are based.[6]

VPI first contends that the plaintiffs do not allege with sufficient particularity the jurisdictional facts required to overcome the presumption of immunity created by 28 U.S.C. § 1604.[7]

---

of this chapter.

[4]**§ 1605. General exceptions to the jurisdictional immunity of a foreign state**

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States ... in any case—
>
> > (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state;  or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere;  or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

[5]*Stena Rederi AB v. Comision de Contratos,* 923 F.2d 380 (5th Cir.1991).

[6]*Walter Fuller Aircraft Sales v. Rep. of Philippines,* 965 F.2d 1375 (5th Cir.1992).

[7]VPI accords excessive weight to this presumption.  In a determination of immunity under the FSIA, "[o]nce the defendant

In considering this contention "we assume that we have truthful allegations before us though many of those allegations are subject to dispute"[8] and may, if appropriate, look to materials outside of the complaint to clarify disputed issues.[9] The plaintiffs allege, and information derived from interrogatories and other discovery devices support, the proposition that VPI was involved in the production, distribution, and/or installation of the paper winder which caused Brown's injuries.[10] VPI has received fair notice of the activities upon which the subject matter jurisdiction of the district court is premised.[11] This contention, therefore, is not

---

alleges that it is a "foreign state,' the plaintiff must produce some facts to show that the commercial activity exception to immunity applies, *but the defendant retains the ultimate burden of proof on immunity."* *Arriba Ltd. v. Petroleos Mexicanos,* 962 F.2d 528, 533 (5th Cir.1992) (citations omitted) (emphasis added). *See also United States v. Moats,* 961 F.2d 1198 (5th Cir.1992).

[8]*Saudi Arabia v. Nelson,* 507 U.S. 349, 349, 113 S.Ct. 1471, 1473, 123 L.Ed.2d 47 (1993) (citation omitted).

[9]*Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169 (5th Cir.1994).

[10]That the plaintiffs' allegations embrace the defendants *in globo* does not detract from their specificity. An acceptable reading of the pleadings alleges that *each* defendant engaged in the tortious conduct therein described. *See* Fed.R.Civ.P. 8(e)(2).

[11]VPI argues that a "heightened pleading requirement," similar to that utilized in cases where the affirmative defense of qualified immunity has been invoked, is applicable in FSIA cases. As we recently explained, however, there no longer exists a *per se* "heightened" pleading requirement in qualified immunity cases. *Schultea v. Wood,* 47 F.3d 1427 (5th Cir.1995) (*en banc* ). Rather, in such cases any requirement that a plaintiff clarify the allegations set forth in his or her complaint arises solely out of the district court's discretionary authority to order a reply to a defendant's proffer of a qualified immunity defense. *Id.* Neither VPI nor the district court apparently perceived the

4

persuasive.

VPI next challenges the merits of the district court's decision denying immunity.  In *Aldy v. Valmet Paper Machinery*,[12] a panel of this court affirmed the denial of foreign sovereign immunity in a case involving facts essentially akin to those at bar.  Finding any legal and factual variance between *Aldy* and the instant action irrelevant to today's decision, we adopt the careful and comprehensive reasoning of our colleagues and affirm the trial court's denial of immunity.

AFFIRMED and REMANDED for further proceedings consistent herewith.

*     *     *     *     *     *

---

need for that procedure and we do not reach that issue on appeal.

[12] 74 F.3d 72 (5th Cir.1996).

5