IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11080
Summary Calendar
_____

JESSE ROY SMITH,

Plaintiff-Appellee,

versus

IRION COUNTY; JIMMY MARTIN, Individually
and in his official capacity as Irion County
Sheriff; JODY EVERETT,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:96-CV-038-C
- - - - - - - - - -
April 25, 1997
Before WISDOM, KING, and SMITH, Circuit Judges

PER CURIAM:*

The appellants, Irion County, Jimmy Martin (individually and

in his official capacity), and Jody Everett appeal the denial of

their motion to dismiss and their motion for summary judgment.

The motions sought (1) dismissal of Smith's civil rights action,

_____

* Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

1

42 U.S.C § 1983, for failure to state a claim, (2) dismissal of Smith's state-law claims, and (3) asserted qualified immunity.

Motion to Dismiss

Everett and Martin moved to dismiss under Rule 12(b)(6), asserting that Smith's complaint failed to state a claim. This part of the motion was denied and is not subject to an interlocutory appeal. Holloway v. Walker, 765 F.2d 517, 525 (5th Cir.), cert. denied, 106 S. Ct. 605 (1985). at 305. Everett and Martin also raised the defense of qualified immunity to the federal claims. Orders denying substantial claims of qualified immunity are immediately appealable under the collateral-order doctrine. Jefferson v. Ysleta Indep. Sch. Dist., 817 F.2d 303, 305 (5th Cir. 1987). As such, this court has jurisdiction over the appeal from the denial of that portion of the motion. Morin v. Caire, 77 F.3d 116, 119 (5th Cir. 1996).[2]

A district court's ruling on a Rule 12(b)(6) motion is subject to de novo review. Barrientos v. Reliance Standard Life Ins. Co., 911 F.2d 1115, 1116 (5th Cir), cert. denied, 498 U.S. 1072 (1991). The motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. When a plaintiff

---

[2] For the same reasons, we do not have jurisdiction over the appeal from the denial of the motion to dismiss as to Irion County or Martin (in his official capacity as sheriff of Irion County) because neither of these parties raised the qualified immunity defense.

sues a public official under § 1983, the plaintiff must allege specific conduct and actions giving rise to the constitutional violation. Schultea v. Wood, 47 F.3d 1427, 1433-1434 (5th Cir. 1995)(en banc). Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1995). If the official raises the defense of qualified immunity, the district court may require a plaintiff to respond to that defense specifically in a reply. Schultea, 47 F.3d at 1433.

Government officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It must be clear that "a reasonable official would understand that what he is doing violates that right". Anderson v. Creighton, 483 U.S. 635, 640 (1987).

With regard to the claims of wrongful stop and arrest by Everett, the complaint sets forth the deprivation of constitutional rights which were clearly established at the time of the events in question. Accordingly, denial of the motion to dismiss as to these claims was proper.[3]

The claims of retaliation and harassment against Everett and Martin (individually) do not defeat the claims of qualified immunity. The complaint and Smith's response to the defendants'

---

[3] We note that, although the court did not require a reply from the plaintiff under Fed. R. Civ. P. 7, the practical effect of a reply was achieved in the plaintiff's response to the defendant's motion.

12(b)(6) motion fail to set forth any events or conduct which constituted the alleged "course of harassment" or retaliation. Rather, Smith has rested on conclusory allegations alone. Accordingly, the plaintiff has not pleaded sufficient facts to defeat the assertion of qualified immunity.

The assertion that Martin (individually) was "grossly negligent in supervising" Everett also fails to defeat the defendant's asserted qualified immunity. The complaint fails to set forth any facts that would establish that Martin failed to supervise Everett, that his failure was connected to the violation of Smith's rights, and that such failure amounted to gross negligence. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986).

Motion for Summary Judgment

The denial of summary judgment generally is not an appealable order. Aldy v. Valmet Paper Mach., 74 F.3d 72, 75 (5th Cir. 1996). Denial of summary judgment in the context of qualified immunity is appealable to the extent that it turns on an issue of law. Johnson v. Jones, 115 S. Ct. 2151, 2155 (1995).

This court does not have appellate jurisdiction over the district court's denial of Everett's motion for summary judgment[4], because the denial was based only upon the court's

---

[4] Irion County also appeals the denial of the motion for summary judgment. This court does not have jurisdiction over the denial of that portion of the motion. The same is true for the claims relating to Martin in his official capacity as sheriff of

finding that the facts material to whether these defendants enjoy qualified immunity were in dispute. See Hale v. Townley, 45 F.3d 914, 918–919 (5th Cir. 1995).

For the reasons outlined above, we **AFFIRM** the denial of the motion to dismiss as to the claim against Everett arising out of the stop and arrest. We **VACATE** the district court's order denying the motion to dismiss as to the claims of harassment and retaliation against Martin and Everett and denying the motion to dismiss as to the claim of gross negligence against Martin and **REMAND** the case to the district court to require Smith to file a Rule 7 reply addressing these claims only. We **DISMISS** the appeal insofar as it is from the denial of the motion to dismiss concerning claims that are not subject to the qualified-immunity defense, and **DISMISS** the appeal from the denial of summary judgement for lack of jurisdiction.

**SO ORDERED.**

---

Irion County. Therefore, the only remaining claim is against Everett arising from the stop and arrest.