**Lorraine STRACH, Plaintiff,**

v.

**CASINO WINDSOR, Defendant.**

**No. 04–74197.**

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 22, 2004.

Derek S. Wilczynski, Johnson, Rosati, (St. Clair Shores), St. Clair Shores, MI,

Orlando L. Blanco, Blanco & Associates, Troy, MI, for Plaintiff.

Daniel J. Weiner, Howard Borin, Schafer & Weiner (Bloomfield Hills), Bloomfield Hills, MI, for Defendant.

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

ROBERTS, District Judge.

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction. For the reasons stated, the Court GRANTS Defendant's Motion.

## II. BACKGROUND

Lorraine Strach ("Plaintiff") alleges she was injured when she fell after contact with an employee of Casino Windsor ("Defendant"), located in Windsor, Ontario, Canada. As a result of the April 2003 incident, Plaintiff asserts that she had to "endure painful surgery and rehabilitation," which occurred in Michigan. Plaintiff filed this claim in Wayne County Circuit Court. Defendant removed the case to this Court citing diversity jurisdiction, then filed this motion.

## III. STANDARD OF REVIEW

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ.P. 12(h)(3). Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 et seq, federal courts lack subject matter jurisdiction over foreign states un-less a statutory exception applies. *See Keller v. Central Bank of Nigeria*, 277 F.3d 811 (6th Cir.2002). "The party claiming FSIA immunity bears the initial burden of proof of establishing a prima facie case that it satisfies the FSIA's definition of a foreign state; once this prima facie case is established, the burden of production shifts to the non-movant to show that an exception applies." *Keller*, 277 F.3d at 815 (citing *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451–52 (6th Cir. 1988)). The movant, however, "retains the ultimate burden of persuasion throughout." *Id.*

## IV. APPLICABLE LAW AND ANALYSIS

Defendant asserts that this Court lacks subject matter jurisdiction under the FSIA as defined in 28 U.S.C. § 1603(b)(2). Unless one of the enumerated exceptions to the FSIA applies, Defendant is correct.

Plaintiff does not dispute that Defendant qualifies as a foreign state under the FSIA.[1] The exception which Plaintiff contends applies is outlined in 28 U.S.C. 1605(a)(2):

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—[in which there is]

(2) ... an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

Neither party challenges that the claim is based on an "act outside of the territory of the United States in connection with commercial activity of the foreign state elsewhere." The point of contention is

---

1. Defendant asserts that it is "an entity created by the Ontario government to own and operate a casino for the benefit of the Ontario government." Def. Br. Supp. Mo. Dismiss at 2.

whether the act caused "a direct effect in the United States."

"To be 'direct' within the meaning of the FSIA, an effect need not be 'substantial' or 'foreseeable' so long as it is more than 'purely trivial' and 'it follows as an immediate consequence of the defendant's ... activity.'" *Princz v. Fed. Republic of Germany*, 26 F.3d 1166, 1172 (D.C.Cir.1994) (*quoting Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992)); *see also Keller*, 277 F.3d at 817. Plaintiff argues that the negligent activities of the Casino Windsor employee caused a 'direct effect' in the United States because surgery was performed on Mrs. Strach in the United States; she rehabilitated in the United States; and, her life has been forever altered in the United States. Defendant asserts that this effect is not direct enough to be covered by the statutory exception.

While there is no Sixth Circuit case law directly on point, other circuits have consistently held that "the lingering effects of a personal injury suffered [abroad] cannot be sufficient to satisfy the direct effect requirement of the FSIA." *Princz*, 26 F.3d at 1173; *see also Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 999 F.2d 33, 36 (2d Cir.1993) ("that an American individual ... suffers some financial loss from a foreign tort cannot, standing alone, suffice to trigger the exception"); *Sugarman v. Aeromexico, Inc.*, 626 F.2d 270, 272 (3rd Cir. 1980) ("causing injury to American citizens abroad is simply not a direct enough effect"); *Zernicek v. Brown & Root, Inc.*, 826 F.2d 415, 418 (5th Cir.1987) ("Every court that has considered a claim for personal injury sustained in foreign territory has held that subsequent physical suffering and consequential damages are insufficient to constitute a 'direct effect in the United States' for the purposes of abrogating sovereign immunity."); *Abrams v. So-*

*ciete Nationale des Chemins de Fer Francais*, 175 F.Supp.2d 423, 430 (E.D.N.Y. 2001) ("the law to date would not consider such effects as within the parameters of the commercial activity"); *Harris v. VAO Intourist, Moscow*, 481 F.Supp. 1056, 1062 (E.D.N.Y.1979) ("Obviously the negligent operation of a hotel in Moscow causing the death of a United States resident has effects in the United States ... But the precise issue is not whether the fire had any effect here, but whether it had a 'direct effect' in the United States within the meaning of the statutory language").

■ Indeed, if this type of effect was considered a "direct effect" under the FSIA, "the commercial activity exception would in large part eviscerate the FSIA's provision of immunity for foreign states." *Princz*, 26 F.3d at 1173. Thus this Court, as many others have done, rejects the argument that an injury suffered abroad which causes damages to be suffered in the United States triggers the "direct effect" exception to the FSIA.

Plaintiff relies only on *Aldy v. Valmet Paper Machinery*, 74 F.3d 72 (5th Cir. 1996) to support her contention that the alleged injury at Casino Windsor has a direct effect in the United States. In *Aldy*, the plaintiff, a United States citizen, filed a products liability suit asserting failure to warn, and design and manufacturing defects. The machinery was manufactured in Finland and installed in a Louisiana facility. The manufacturer qualified as a foreign sovereign. The Court of Appeals found that the defendant was not entitled to qualified immunity because its commercial activity had a direct effect in the United States.

*Aldy*, however, is distinguishable from this case and the others cited, *supra*, in one important respect: in *Aldy the injury occurred in the United States*. *Id*. at 73. That the injury actually occurred while the

plaintiff was operating machinery designed and manufactured abroad by the defendant, but installed in a Hodge, Louisiana paper mill, was the basis for the determination that the commercial activity had a direct effect in the United States. *Id.* at 75–76.

See also *Zernicek v. Brown & Root, Inc.*, 826 F.2d 415, 419 (5th Cir.1987) (affirming a district court holding "that the eventual effect in the United States of the personal injury or death of an American citizen while abroad is not direct within the meaning of the Act").

 The effect caused by Plaintiff's alleged injury at Casino Windsor in Canada is not a direct enough effect for the exception outlined in the third clause of the FSIA at 28 U.S.C. 1605(a)(2), to apply. Therefore, Plaintiff's claim is dismissed for lack of subject matter jurisdiction.[2]

## V. CONCLUSION

For the reasons stated, the Court GRANTS Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**IT IS SO ORDERED.**

---

**2.** Because the subject matter jurisdiction issue is dispositive, the Court will not address the balance of Defendant's Motion.