**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-31067

Summary Calendar.

Michael Allen NAYLOR, Plaintiff-Appellee,

v.

STATE OF LOUISIANA, Dept. of Corrections, et al., Defendants,

Kirt Guerin, Sgt., Defendant-Appellant.

Robert Latroy White, Plaintiff-Appellee,

Hunt Correctional Center, et al., Defendants,

Unknown Guerrin, Di, Defendant-Appellant.

Oct. 3, 1997.

Appeal from the United States District Court for the Middle District of Louisiana.

Before WISDOM, KING and SMITH, Circuit Judges.

PER CURIAM:

Kirt Guerin, a drill instructor at Elayn Hunt Correctional Center, appeals from the magistrate judge's denial of his motions for summary judgment, in which he asserted his right to qualified immunity. We dismiss Guerin's appeal for want of jurisdiction.

I.

Plaintiffs/appellees, Michael Naylor and Robert L. White, inmates at Elayn Hunt Correctional Center, each sued defendant/appellant drill instructor Kirt Guerin under 42 U.S.C. § 1983, alleging cruel and unusual punishment and deliberate

1

indifference to their serious medical needs. According to the plaintiffs' respective complaints, on April 10, 1994, Guerin locked both of them in a supply closet along with 18 other inmates for a period of up to three hours. Guerin allegedly placed a towel beneath the door to cut off ventilation, and Naylor and White began to feel dizzy and nauseated. Their requests for emergency sick call were denied. Naylor also stated that Guerin denied his request to use the bathroom, causing him to defecate on himself.

After answering the complaints, Guerin filed motions for summary judgment against Naylor and White. He argued that he was entitled to qualified immunity from the plaintiffs' Eighth Amendment claims.[1] The magistrate judge denied both motions, and this interlocutory appeal followed.

## II.

This Court has jurisdiction over appeals from all final decisions of the district courts.[2] The denial of summary judgment generally is not an appealable order.[3] According to the collateral order doctrine, however, district court orders denying summary

---

[1] Both the district and appellate courts perform a two-step analysis in evaluating a movant's assertion of qualified immunity. First, the court determines whether the plaintiff has alleged the violation of a clearly established constitutional right. If he or she has, the court then decides whether the defendant's conduct was objectively reasonable. *Rankin v. Klevenhagen,* 5 F.3d 103, 105 (5th Cir.1993). Because we hold that appellate jurisdiction is not vested in this Court, we do not reach the substance of Guerin's claim that he is entitled to qualified immunity.

[2] *Cantu v. Rocha,* 77 F.3d 795, 802 (5th Cir.1996); 28 U.S.C. § 1291.

[3] *Aldy v. Valmet Paper Mach.,* 74 F.3d 72, 75 (5th Cir.1996).

2

judgment on the basis of qualified immunity are immediately appealable when based on a conclusion of law.[4] Nevertheless, such orders are not immediately appealable if they are based on sufficiency of the evidence.[5] Thus, orders denying qualified immunity are immediately appealable only if they are predicated on conclusions of law, and not if a genuine issue of material fact precludes summary judgment on the question of qualified immunity. Stated another way, we have jurisdiction over law-based denials of qualified immunity, but do not have jurisdiction over a genuine-issue-of-fact-based denial of qualified immunity.[6]

In Johnson v. Jones,[7] the Supreme Court held that a defendant who is entitled to invoke a qualified immunity defense may not bring an interlocutory appeal of a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial.[8] Thus, a district court's order, entered in a qualified immunity case, is not appealable if it simply determines a question of evidence sufficiency.[9]

---

[4]*Coleman v. Houston Independent School District,* 113 F.3d 528, 531 (5th Cir.1997).

[5]*Id.*

[6]*John Doe v. Hillsboro Independent School District,* 81 F.3d 1395, 1401 (5th Cir.1996).

[7]515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).

[8]*Id.* at 319-20, 115 S.Ct. at 2159-50.

[9]*Nerren v. Livingston Police Department,* 86 F.3d 469 (5th Cir.1996).

In Behrens v. Pelletier,[10] a case decided shortly after Johnson, the Supreme Court clarified its earlier ruling, explaining that the existence of a genuine issue of material fact does not necessarily preclude immediate appeal of an order denying qualified immunity.[11] Thus, to the extent that a district court order denying qualified immunity determines an issue of law, such an order is appealable in spite of the existence of genuine issues of material fact.[12]

With this precedential backdrop in mind, we turn to the case at bar. As a threshold matter, we note that the magistrate judge did not base her denial of Guerin's motion for summary judgment on any conclusion of law. Rather, she reached her decision solely on the basis that genuine issues of material fact rendered summary judgment inappropriate. Moreover, she was unable to assess Guerin's assertion of qualified immunity because the record before her was not sufficiently developed for her to do so. She could not determine whether Guerin's conduct was objectively reasonable in light of clearly established law.[13] This Court has held that "orders are based on an issue of law when they concern only

---

[10]--- U.S. ----, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996).

[11]*Id.* at ----, 116 S.Ct. at 842.

[12]*Id.; Coleman v. Houston Independent School District,* 113 F.3d at 531.

[13]In *Behrens,* the Court noted that the district court's denial of the petitioner's summary judgment motion necessarily determined that certain disputed conduct attributed to petitioner constituted a violation of clearly established law. --- U.S. at ----, 116 S.Ct. at 842. As we have shown, the same cannot be said of the magistrate judge's ruling in the case at bar.

application of established legal principles, such as whether an official's conduct was objectively reasonable in light of clearly established law, to a given set of facts."[14]

Accordingly, this case fits squarely within that class of unappealable, fact-based qualified immunity orders contemplated by Johnson. Indeed, it is difficult to conceive of a qualified immunity order less suited for immediate interlocutory appeal.

### III.

For the foregoing reasons, Guerin's appeal is DISMISSED, and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.

---

[14]*Cantu v. Rocha,* 77 F.3d at 802.