BENAVIDES, Circuit Judge,
concurring in part and dissenting in part:
I join the portions of the majority’s opinion that are not derived from a finding that the warrant issued for Hart’s arrest and the search of her property was substantively valid. As a result, I join parts IV and V of the majority’s opinion, which resolve the evidence admissibility and absolute immunity issues presented in this appeal. Moreover, because Motley was not involved in the surveillance of Conine’s property nor the preparation of the warrant application, I join the majority’s holding that he is entitled to qualified immunity because of his reliance on a seemingly facially valid warrant. Further, because I agree with the majority’s finding that Hart failed to show that the placement of the false federal hold on her criminal complaint caused her to be detained in violation of the Fourth Amendment and maliciously prosecuted, I join the discrete portions of its opinion holding that O’Brien, Montana, and Motley were entitled to summary judgment on these claims.
I write separately, however, because I cannot agree with the majority’s assertion of jurisdiction over the portions of the interlocutory appeals of defendants O’Brien, Montana, and Starnes challenging the district court’s determination that Hart’s evidence raised a genuine issue of material fact regarding the validity of the warrant. This sufficiency of the evidence finding is not immediately appealable under the collateral order doctrine because it does not conclusively determine a claim of right that is separable from the Fourth Amendment rights asserted in Hart’s action. See Mitchell v. Forsyth, 472 U.S. 511, 524, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)). The majority’s analysis of the immunity[1] claims of these three defendants, moreover, is entirely predicated on its initial and extra-jurisdictional finding that O’Brien and Starnes did not violate Hart’s Fourth Amendment rights by knowingly or recklessly including false statements in the probable cause affidavit. Because the majority acknowledges that the existence of immunity for O’Brien, Montana, and Starnes is conditioned on this finding, I dissent from the portions of its opinion holding that these three defendants are entitled to immunity as a matter of law.
In her complaint, Hart asserted that O’Brien and Starnes violated her Fourth Amendment rights, in part because they intentionally or recklessly included false statements in the probable cause affidavit submitted in support of the warrant for her arrest and the search of her residence. After discovery, O’Brien, Montana, and Starnes moved for summary judgment. They argued that each of Hart’s claims was dependent on a finding that the warrant was invalid and that she did not produce sufficient evidence to raise a genuine issue of material fact as to whether these false statements were intentionally or recklessly included in the affidavit.. In addition, they asserted that they were entitled to immunity. The district court denied these motions and explicitly found that “the plaintiff has raised a genuine issue of material fact as to whether these two false statements were included knowingly or with reckless disregard for their truth and veracity.”
In its statement of jurisdiction, the majority appears to recognize that this finding may not be reviewed on interlocutory appeal, for it correctly notes that when a “district court denies summary judgment on the grounds that material facts exist which a party may or may not be able to prove at trial, the official must await final judgment before appealing.” Maj. op. at 435; Behrens v. Pelletier, - U.S. -, 435, 116 S.Ct. 834, 842, *455 133 L.Ed.2d 773 (1996); Johnson v. Jones, 515 U.S. 304, 305, 115 S.Ct. 2151, 2153, 132 L.Ed.2d 238 (1995). A public official who attacks a plaintiffs ability to prove her case is not raising a qualified immunity defense, which is “conceptually distinct from the merits of the plaintiffs claim.’ ” Jones, 515 U.S. at 314, 115 S.Ct. at 2157 (quoting Mitchell, 472 U.S. at 527, 105 S.Ct. at 2816). Instead, that official is arguing that “the evidence [cannot] support a finding that particular conduct occurred,” and this argument “is not truly ‘separable’ from the plaintiffs claim.” Behrens, — U.S. at -, 116 S.Ct. at 842. A court of appeals, therefore, may not review a sufficiency determination on interlocutory appeal because “there is no ‘final decision’ under [the collateral order doctrine as defined by] Cohen and Mitchell.” Id,.; Jones, 515 U.S. at 314, 115 S.Ct. at 2157.
The majority, however, begins its qualified immunity analysis by “considering] whether O’Brien’s sworn statement that Hart lived in Conine’s trailer was knowingly false or reckless,” and “whether Starnes exhibited a reckless disregard for the truth in providing the [false] information” regarding Hart’s marital status. Maj. op. at 442, 448-49. Further, after thoroughly reviewing the record below, the majority disagrees with the district court’s view of the conflicting evidence and concludes that O’Brien and Starnes did not intentionally or recklessly include the false statements in the probable cause affidavit. There can be no question that the majority’s finding that the summary judgment evidence fails to create a genuine issue of material fact is improper and extra-jurisdictional under the Court’s decisions in Johnson and Behrens.
In order to review immediately the appeals of O’Brien, Montana, and Starnes insofar as they challenge the district court’s finding of a genuine issue of material fact, the majority appears to create a new principle of interlocutory jurisdiction. Under this principle, a court of appeals may exercise interlocutory jurisdiction over a district court’s finding of a genuine issue of material fact if any of the evidence relating to that finding is undisputed. Maj. op. at 436 (stating that “enough uncontested facts exist to determine that [these three defendants] are immune as a matter of law”), 442-44 (minimizing Hart’s favorable evidence and independently reviewing the “undisputed facts” relating to the district court’s determination that a genuine issue of material fact existed regarding O’Brien’s mens rea when he included the false statements in the affidavit), 448-49 (understating Hart’s favorable evidence and independently reviewing the evidence relating to Starnes’ state of mind when he provided O’Brien with the information about Hart). The majority’s indiscriminate reliance on the existence of undisputed evidence to justify its exercise of interlocutory jurisdiction, however, violates the collateral order doctrine.
Under the collateral order doctrine, a defendant may argue on interlocutory appeal that even if the disputed facts are viewed in the plaintiffs favor, the remaining undisputed facts demonstrate that the plaintiffs constitutional rights were not violated or that the defendant’s conduct was objectively reasonable in light of clearly established law. Behrens, — U.S. at -, 116 S.Ct. at 842; Naylor v. Louisiana, 123 F.3d 855, 857 (5th Cir.1997); Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 531 (5th Cir.1997).[2] This is because the question for interlocutory review — the existence of immunity — is a purely legal question that is separable from the *456 merits of a plaintiffs claim. Jones, 515 U.S. at 314, 115 S.Ct. at 2157. The majority, however, relies on the presence of undisputed facts to justify its interlocutory review of Hart’s compliance with her burden of production, an issue that the Supreme Court has found to be inextricably intertwined with, rather than separate from, the merits of her claims. Id. Thus, the existence of undisputed evidence pertaining to the district court’s finding of a genuine issue of material fact does not transform that determination into one that is immediately appealable under the collateral order doctrine.
The majority, moreover, necessarily relies on its extra-jurisdictional conclusion that the false statements were properly included in the probable cause affidavit in order to award O’Brien, Montana, and Starnes immunity on the remainder of Hart’s claims. To begin with, the majority finds that these statements provided probable cause for the arrest of Hart and the search of her residence. The presence of probable cause, moreover, disposes of several of Hart’s Fourth Amendment and state law claims. Further, by including these statements within the probable cause affidavit, the majority transforms a warrant of questionable validity into a “facially valid” warrant, maj. op. at 447, 450, that can be relied on by the very people who may have intentionally or recklessly provided the issuing magistrate with false information. This then eliminates Hart’s remaining Fourth Amendment and state law claims.[3] Thus, solely by virtue of its improper exercise of jurisdiction, the majority is able to immunize O’Brien, Montana, and Starnes with respect to each of Hart’s claims before us on appeal.
For the foregoing reasons, I respectfully DISSENT from the portions of the majority’s opinion holding that O’Brien, Montana, and Starnes are entitled to qualified immunity as a matter of law. I would instead dismiss for lack of jurisdiction the portions of the appeals of these three defendants challenging the district court’s finding that Hart met her burden of production regarding the validity of the warrant under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

. Because the standards for immunity under federal and Texas law are quite similar, I will simply use the term "immunity” to refer to "qualified immunity" under federal law and "official immunity” under Texas law.

. In this case, however, there was no evidence in the probable cause affidavit, aside from the false statements, linking Hart to any crime. Thus, O’Brien, Montana, and Starnes cannot argue on interlocutory appeal that the undisputed facts show that Hart’s Fourth Amendment rights were not violated because the affidavit’s remaining content revealed the existence of probable cause. See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Further, the absence of such additional evidence explains why the majority must find that these false statements were properly included in the warrant application in order to find that the conduct of these three defendants was objectively reasonable. Of course, had the district court been presented with an affidavit containing both the false statements as well as other undisputed evidence allegedly providing probable cause, a finding that the undisputed facts did not establish probable cause nor justify a reasonable belief in its existence would have been reviewahle on interlocutory appeal.

. This principle of immunity, however, cannot dispose of the claims against Montana. Montana, like O’Brien, participated in the surveillance of Conine and Hart that provided the factual basis for a finding of probable cause. Thus, because there is a factual dispute as to whether O’Brien, given his knowledge, intentionally or recklessly included false statements in the probable cause affidavit, it is an open question whether Montana, who possessed the same knowledge, could reasonably have relied on the warrant issued on the basis of this affidavit.