DeMOSS, Circuit Judge,
dissenting:
Appellant Bryan Barnhart, who is white and a state policeman, twice shot Appellee Lorenzo Colston, who is black, in the back. At the time Barnhart’s shots were fired, Colston was fleeing a scene where he had been unjustifiably beaten by Barnhart and Jim Langford, who is white and a deputy sheriff. Colston was not under arrest. Col-ston did not have a gun nor a knife nor a club nor any other weapon on his person. Neither Barnhart nor Langford was injured in the altercation which preceded Colston’s flight, but Barnhart nevertheless fired two shots which seriously injured Colston and resulted in his permanent disability and disfigurement.
Notwithstanding these facts, Barnhart has asked this Court to reverse the district court’s denial of his motion for summary judgment and adjudge him qualifiedly immune because his actions were objectively reasonable as a matter of law. Because this Court lacks appellate jurisdiction to decide Barnhart’s appeal, and because I disagree with the majority’s conclusion that Barn-hart’s shooting of Colston was objectively reasonable, I dissent.

I. Appellate Jurisdiction

The appeal from the district court’s denial of summary judgment should be dismissed because this Court lacks appellate jurisdiction over Barnhart’s appeal from that ruling.
Ordinarily, this Court has power only to review a “final decision.” 28 U.S.C. § 1291. A “collateral order” doctrine has developed to allow courts of appeals to consider interlocutory appeals in certain circumstances. See Cohen v. Beneficial Indus. Loan Carp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). “To come within the ‘small class’ of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unre-viewable on appeal from a final judgment.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).
The denial of a substantial claim of qualified immunity may be appealable before final judgment. See Mitchell v. Forsyth, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814-15, 86 L.Ed.2d 411 (1985). The right to appeal from such a denial of summary judgment is not, however, *101 absolute. In Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the Supreme Court clarified its standard, noting that
a district court’s order denying a defendant’s motion for summary judgment [is] an immediately appealable “collateral order” (i.e., a “final decision”) under Cohen, where (1) the defendant was a public official asserting a defense of “qualified immunity,” and (2) the issue appealed con-cernís], not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of “clearly established” law.
Johnson, 515 U.S. at 311, 115 S.Ct. at 2155 (quoting Mitchell, 472 U.S. at 528, 105 S.Ct. at 2816). Johnson involved a plaintiffs § 1983 claim arising from the alleged use of excessive force by police officers. Because the plaintiff, a diabetic, was having an insulin seizure at the time of his beating at the hands of the police, he was unable to specifically identify the officers who had beat him. Three officers who were named as defendants moved for summary judgment, pointing out that they were not identified as the perpetrators and that other officers could have committed the offense. The motion was denied; the officers appealed. See id. at 307-08, 115 S.Ct. at 2153-54. Affirming the Seventh Circuit’s dismissal of the appeal, the Supreme Court concluded that there was a lack of appellate jurisdiction because there was no question of law at issue, but rather the appeal merely concerned a question of the “evidence sufficiency” of the officers’ contention that “we didn’t do it.” Id. at 313, 316, 115 S.Ct. at 2156, 2157-58. The present case is controlled by Johnson.
First, the competing claims in this ease resemble Johnson in light of the “I didn’t do it” aspect of Barnhart’s defense. Colston claims that he was shot in the back as he escaped from the scene; in contrast, Barn-hart claims that he fired his weapon in self-defense. The district court stated its grounds for denying Barnhart’s motion for summary judgment in plain language: “The Court has reviewed the summary judgment evidence and is convinced that issues of material fact exist which preclude summary judgment in this case.” Thus, just as in the case of the Johnson officers’ “we didn’t do it” defense, in this case “the District Court’s determination that the summary judgment record in this case raised a genuine issue of fact ... was not a ‘final decision’ within the meaning of the relevant statute.” Id.; see also Cantu v. Rocha, 77 F.3d 795, 803 (5th Cir.1996).
Behrens v. Pelletier, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996), is not to the contrary. Behrens reaffirms the Mitchell holding: “an order denying qualified immunity, to the extent it turns on an ‘issue of law,’ is immediately appealable.” Behrens, 516 U.S. at -, 116 S.Ct. at 841 (citation omitted); see also Cantu, 77 F.3d at 803. Moreover, the Court explicitly reiterated the Johnson holding, that:
determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly “separable” from the plaintiffs claim, and hence there is no “final decision” under Cohen and Mitchell.
Behrens, 516 U.S. at -, 116 S.Ct. at 842 (citing Johnson, 515 U.S. at 312-15, 115 S.Ct. at 2156-57). Behrens therefore does not control this case, which is unappealable precisely because of the absence of an issue of law.
Furthermore, our Court lacks appellate jurisdiction even if the dispute is not characterized as a Johnson-style “I didn’t do it” scenario. The state of the record was determined by the district court to be insufficiently developed to permit findings of fact upon which an evaluation of the objective reasonableness of Barnhart’s actions could be based. In such a ease, our Court lacks appellate jurisdiction over an appeal from denial of summary judgment. See Naylor v. Louisiana, 123 F.3d 855, 857 (5th Cir.1997); see also Hart v. O’Brien, 127 F.3d 424, 451-54 (5th Cir.1997) (Benavides, J., dissenting); Tamez v. City of San Marcos, 62 F.3d 123, 124-25 (5th Cir.1995); Harper v. Harris County, 21 F.3d 597, 601 (5th Cir.1994).
*102 The district court in this case declared that an issue of material fact exists which undermines any determination at summary judgment of “whether Officer Barnhart had a reasonable belief of danger from the fleeing suspect which would justify the use of deadly force in self-defense.” The court therefore concluded that summary judgment was inappropriate because both Barnhart’s claim of qualified immunity and Colston’s claim under 42 U.S.C. § 1983 hinge on a determination of the objective reasonableness of Barnhart’s actions. See Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989); Tennessee v. Garner, 471 U.S. 1, 7-12, 105 S.Ct. 1694, 1699-1702, 85 L.Ed.2d 1 (1985). That decision was based on an evaluation of the facts in the case; this appeal thus contains no cognizable issue of law.
The majority attempts to establish appellate jurisdiction by assuming away the disputed issues of material fact found by the district court. Specifically, the majority purports to accept Colston’s factual allegations as true. It then turns to the question of the objective reasonableness inquiry, which our Court has acknowledged to be a question of law that may be decided by a judge in the absence of any dispute over material facts. See Cantu, 77 F.3d at 802. But the majority then goes astray, drawing inferences in the wrong direction and viewing the record in the light most favorable to Barnhart.
In light of the district court’s conclusion that the objective reasonableness of Barn-hart’s actions could not be determined at summary judgment because of the unsettled state of the record — a conclusion based solely on the district court’s evaluation of “evidence sufficiency” — our Court has no appellate jurisdiction to review that judgment. See Nay-lor, 123 F.3d at 857; see also Tamez, 62 F.3d at 124-25; Harper, 21 F.3d at 601. The resolution of disputed material facts is not to be achieved by a judge through summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). A dispute concerning material fact issues can only be resolved through resort to the finder of fact — in this ease, a jury.
This appeal does not present an issue separable from the merits of Barnhart’s claim, as is required by Coopers & Lybrand, Mitchell, and Johnson. The absence of an issue of law regarding Barnhart’s qualified immunity claim that is separable from the ultimate merits of Colston’s lawsuit removes this ease from the collateral-order category of final decisions and deprives this Court of appellate jurisdiction. Furthermore, the issue of whether Barnhart used excessive force in this case can be reviewed by this Court upon appeal from a final judgment by the district court, and such later review will have the benefit of all of the evidence produced at trial and the jury’s resulting findings of fact. In two respects, therefore — the absence of an issue separate from the merits and the ultimate reviewability of Barnhart’s defense on appeal from final judgment — this case fails to pass the separability test of Cohen, Coopers & Lybrand, and Mitchell for interlocutory appeal.

II. Summary Judgment

Assuming, arguendo, that appellate jurisdiction does exist with respect to Barnhart’s appeal, the district court’s denial of summary judgment should be affirmed.
The Fourth Amendment’s protection against unreasonable seizures of the person has been applied in causes of action under 42 U.S.C. § 1983 to impose liability on police officers who use excessive force against citizens. The relevant inquiry is one of objective reasonableness. See Mitchell, 490 U.S. at 397, 109 S.Ct. at 1872-73. The majority’s conclusion that Barnhart’s shooting of Col-ston was objectively reasonable is highly dubious.
As a threshold matter, I again note that the majority does not accept all of Colston’s factual allegations as true, as it purports to do. Instead, the majority takes the opposite approach and allows numerous inferences in Barnhart’s favor. For example, Colston frames his complaint in terms of excessive force used in preventing his attempted escape from abusive treatment. The majority, however, describes a scene in which Colston violently resisted the police, physically overpowered them, and then remained on the *103 scene, standing ready to inflict serious injuries had Barnhart not resorted to using his firearm. The majority’s treatment departs radically from the ordinary practice of indulging factual inferences on summary judgment in favor of the nonmovant.
In light of the majority’s hostile view of Colston’s charge, it is perhaps not surprising that they erroneously conclude that Barn-hart’s conduct was objectively reasonable. A number of factors lead me to the opposite conclusion.
First, it is significant that Colston’s assault on the officers never involved the use of a weapon. Not only did Colston never use a weapon against Barnhart and Langford, but he did not disarm them in any way. The ultimate balance of power was at all times in the officers’ favor. Colston may have initially overcome the officers with his bare fists, but it is not too much to expect that police officers be prepared to subdue an unruly detainee without having to resort to the use of a firearm.
Second, the nature of the injuries inflicted by Colston does not suggest that a resort to deadly force was objectively reasonable. The record bears no indication that either Barnhart or Langford required medical attention after the incident. It is true that they were both knocked down, that they may have been temporarily dazed, and that Barn-hart’s glasses were broken. But the effects of Colston’s backlash (against what a reasonable jury could find was unnecessary violence initiated by the officers) were not injuries of any serious or life-threatening magnitude.
Finally, because the officers never asserted their authority to arrest Colston, we should be hesitant to indulge in Barnhart’s favor the law’s recognition of factors which may support the reasonableness of using deadly force against a fleeing person. See, e.g., Garner, 471 U.S. at 3, 105 S.Ct. at 1697 (officer called out “police, halt”); Brothers v. Klevenhagen, 28 F.3d 452 (5th Cir.) (individual escaping from custody during transport from one holding cell to another), cert. denied, 513 U.S. 1045, 115 S.Ct. 639, 130 L.Ed.2d 545 (1994); Fraire v. City of Arlington, 957 F.2d 1268 (5th Cir.) (officer yelled “Stop, police,” or “Halt, police,” several times), cert. denied, 506 U.S. 973, 113 S.Ct. 462, 121 L.Ed.2d 371 (1992); Jamieson v. Shaw, 772 F.2d 1205 (5th Cir.1985) (high-speed car chase). Regardless, Barnhart’s failure to give a warning, which he was obliged to give, if feasible, before the use of deadly force against Colston, see Garner, 471 U.S. at 11-12, 105 S.Ct. at 1701-02, cuts strongly against a finding on summary judgment that Barnhart’s actions were objectively reasonable.
* * *
The district court’s ruling that there are disputed facts material to determining the objective reasonableness of Barnhart’s conduct should preclude appellate review of Col-ston’s assertion of qualified immunity at this stage of the proceedings. Furthermore, assuming that we do have jurisdiction, the judgment of. the district court should be affirmed because Colston has alleged a violation of his constitutional rights, and a jury’s determination that Barnhart’s conduct was not reasonable could be supported by the summary judgment record.
In deciding that Barnhart’s conduct was objectively reasonable, the majority stretches the holding of Tennessee v. Garner far beyond that decision’s progeny. It is notable that the core result of Gamer was a restriction, not an expansion, of the use of deadly force by law enforcement officers. To the extent that language in Garner attempts to trace the boundaries of the constitutional use of deadly force by the police, it is very difficult indeed to conclude that Barnhart’s actions fall within the purview of Garner’s guidance.
To give this Court’s stamp of approval to Barnhart’s actions is to ignore the Supreme Court’s poignantly relevant observation:
It is not better that all felony suspects die than that they escape. Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. It is no doubt unfortunate when a suspect who is in sight escapes, but the fact that the police arrive a little late or are a little slower afoot does not always justify killing *104 the suspect. A police officer may not seize an unarmed, nondangerous suspect by shooting him dead.
Garner, 471 U.S. at 11, 105 S.Ct. at 1701.
I respectfully dissent.