# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2011

No. 10-20570

Lyle W. Cayce
Clerk

CENAIDA GRAGERT,
Individually and as Representative
of the Estate of Darrell Ray Gragert,

Plaintiff–Appellee

v.

AARON WAYBRIGHT,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:09-cv-02063

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Cenaida Gragert, widow of the decedent Darrell Ray
Gragert, filed the instant civil rights suit in Texas state court against
Defendant-Appellant Deputy Aaron Waybright and Defendant Harris County.
The defendants removed the case to federal district court. Subsequently, the
district court denied Waybright's motion for summary judgment, ruling that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20570

Waybright was not entitled to qualified immunity because there were material issues of fact with respect to whether Waybright violated the decedent's Fourth Amendment rights. Waybright filed an interlocutory appeal.[1] We DISMISS the appeal because the order denying summary judgment is not a final, appealable order.

In the early morning hours of June 2, 2007, Deputy Waybright observed a vehicle at a car wash with its lights out, and he proceeded to investigate. The driver initially cooperated and returned to the vehicle purportedly to retrieve his identification. According to Waybright, instead of retrieving his identification, the driver immediately started the engine. Waybright ordered the driver to exit the vehicle, but he did not do so. Waybright observed the driver attempting to reach for something behind the top of his seat despite repeated warnings to place his hands on the wheel. Waybright testified that the driver put the vehicle in reverse and the "tires squeal[ed]." As Waybright was "trying to back away from the vehicle, the front end of the vehicle [was] approaching" him. Waybright fired several shots, fatally wounding the driver.

Gragert, in her individual capacity and as representative of the decedent's estate, sued Waybright pursuant to 42 U.S.C. § 1983. She claimed that Waybright used excessive force against the decedent in violation of the Fourth Amendment. In support of her claim, Gragert submitted the affidavit of an expert who opined that, based on the evidence from the scene, Waybright used excessive force against the decedent. The district court found there were genuine issues of material fact with respect to the Fourth Amendment claim and therefore denied Waybright's motion for summary judgment. Waybright now appeals.

---

[1] Harris County also filed a motion for summary judgment, which the district court granted in part and denied in part. That ruling, however, is not before this Court. Further, Gragert does not appeal the district court's dismissal of her Fourteenth Amendment claim against Waybright.

No. 10-20570

Waybright argues that the district court erred in denying his motion for summary judgment. This Court reviews a district court's ruling on summary judgment de novo, applying the same standards as the district court. *E.g., Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

More specifically, Waybright contends that the district court erred in denying summary judgment based on his defense of qualified immunity. "To determine whether a defendant is entitled to qualified immunity, this Court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred." *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007) (citing *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)). "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity." *Id.* (citing *Easter,* 467 F.3d at 462).

Although not raised by the parties, we must first determine whether we have jurisdiction to consider the merits of this interlocutory appeal. Generally, this Court does not have jurisdiction to review a denial of a summary judgment motion because such a decision is not final within the meaning of 28 U.S.C. § 1291. Under the collateral order doctrine, however, a district court's denial of qualified immunity on a motion for summary judgment is immediately appealable if it is based on a conclusion of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Such orders are not appealable if they are based on a claim regarding the sufficiency of the evidence. *See Naylor v. State of La., Dep't of Corr.*, 123 F.3d 855, 857 (5th Cir. 1997) (per curiam). As we have explained:

No. 10-20570

> [O]rders denying qualified immunity are immediately appealable
> only if they are predicated on conclusions of law, and not if a genuine
> issue of material fact precludes summary judgment on the question
> of qualified immunity. Stated another way, we have jurisdiction over
> law-based denials of qualified immunity, but do not have jurisdiction
> over a genuine-issue-of-fact-based denial of qualified immunity.

*Id*. Here, we conclude that we do not have jurisdiction because the appeal is not based on a conclusion of law but instead based upon a genuine issue of material fact with respect to the issue of qualified immunity.

The court below astutely recognized that whether Waybright's actions were reasonable depends upon whether there was an immediate threat of serious harm to Waybright. "Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985). Waybright's deposition testimony provides that the vehicle was turning toward him at the time of the shooting. If Waybright's version of the events is credited, then he did not use excessive force.[2]

On the other hand, Gragert offered competing summary judgment evidence that paints a substantially different picture of the facts. Gragert submitted an affidavit executed by Harold W. Warren, an expert witness, in support of her claim that Waybright used excessive force against the decedent. In his affidavit, Warren stated that after reviewing, among other things, Harris County's Internal Affairs Investigation file (a 555-page file), crime scene photographs, and a video of the scene, he concluded that Waybright used "extreme, excessive, unnecessary" force in violation of the decedent's constitutional rights.

---

[2] Of course, credibility determinations are not to be made at the summary judgment stage. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 n.25 (5th Cir. 2010).

Warren set forth in detail the location of the spent shell casings and the path the bullets took through the vehicle and the decedent according to the autopsy report. Based on that evidence, Warren opined that:

> The gunshot wound of Mr. Gragert's left hand is more probable to have been from the shot through the hole on the driver's side of the windshield where the steering wheel is dented and his left hand was likely to have been positioned in operating the [vehicle]. The position of this dent indicates a likelihood of the wheels being straight at the time the shot was fired, *prior* to any turn which Deputy Waybright alleges put him in danger.

(emphasis added).

Warren further opined as follows:

> If a danger to Deputy Waybright had ever existed, it would have ceased by the time the fatal shot was fired, as the vehicle was over halfway through its turn around the corner and away from Deputy Waybright. The shot came from the passenger side of the vehicle, the opposite of where Deputy Waybright was located when he alleges he was in fear of serious bodily injury.

Finally, Warren concluded that:

> Deputy Waybright had a clear view of both hands, both empty, when Mr. Gragert engaged the gear on his vehicle. Mr. Gragert did not turn [his vehicle] into Deputy Waybright with the vehicle situated within feet of a wall. Certainly, by the time the fatal shot was fired, Deputy Waybright had a duty to cease firing. The position of the shell casings at the crime scene indicate that Deputy Waybright in fact did back away [from the vehicle]. He continued to fire while he remained out of harm's way. . . .

Warren's conclusions dispute Waybright's testimony that he fired the shots when the vehicle was turning toward him. Warren also concluded that Waybright continued to fire his weapon after any threat from the vehicle had passed.[3]

---

[3]   In response to the expert's opinion, Waybright argues that this Court's precedent instructs that a single expert cannot create a genuine issue of material fact. Waybright is mistaken, however. The cases he relies upon stand for the proposition that "an expert's opinion should not be alone sufficient to establish constitutional 'fault' by a municipality in a

No. 10-20570

The district court found that the expert's opinion created a genuine issue of material fact with respect to whether Waybright's actions were reasonable.[4] "Where, as here, the district court finds that genuinely disputed, material fact issues preclude a qualified immunity determination, this court can review only their materiality, not their genuineness." *Manis v. Lawson*, 585 F.3d 839, 842 (5th Cir. 2009). "An issue is material if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). We agree with the district court that the disputed facts are material because the expert's opinion, if credited, could affect the outcome of the case. Therefore, because the district court found these material facts were genuinely disputed, we lack jurisdiction to consider the denial of summary judgment. *Naylor*, 123 F.3d at 857.

The appeal is DISMISSED.

---

case of alleged omissions, where no facts support the inference that the town's motives were contrary to constitutional standards." *Stokes v. Bullins*, 844 F.2d 269, 275 (5th Cir. 1988); accord *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998). Those cases address a plaintiff's burden of showing a municipality's fault or malevolent purpose in the context of deliberate indifference claims. In any event, Gragert's expert relied upon evidence from the scene and investigation to form his opinion. Thus, it cannot be said that there are no facts to support his opinion that Waybright's actions were not reasonable under the circumstances.

[4] It is worth noting that this Court has approved a district court's consideration of the fact that a law enforcement officer was the sole surviving witness in its determination that there was a genuine issue of material fact. *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 493 (5th Cir. 2001) (excessive use of force claim).