# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 11-50060
Summary Calendar

Lyle W. Cayce
Clerk

LUCIA ESMERALDA OPORTO, Individually and as Personal Representative
of the Estate John Dalton Martinez, and on behalf of all of the heirs at law;
ANGEL JOSE MARTINEZ, Individually; ELIJAH ISAIAH MARTINEZ,
Individually,

Plaintiffs–Appellees

v.

OFFICER RODOLFO MORENO, Badge Number 2646, individually and in
his official capacity as a police officer of the City of El Paso Police
Department; OFFICER EDWIN MAYORGA, Badge Number 2472,
individually and in his official capacity as a police officer of the City of El
Paso Police Department; Jointly and Severally,

Defendants–Appellants

Appeal from the United States District Court
for the Western District of Texas
3:10-CV-110

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-50060

Plaintiffs-Appellees Lucia Esmeralda Oporto, Angel Jose Martinez, and Elijah Isaiah Martinez ("Plaintiffs"), filed a civil rights suit against Defendants-Appellants Officers Rodolfo Moreno and Edwin Mayorga ("Officers"), after John Dalton Martinez ("Martinez"), was shot and killed by the Officers in the course of their duties. The Officers sought, but were denied, summary judgment based on qualified immunity because there were material issues of fact in dispute with respect to whether the Officers used reasonable force. The Officers filed an interlocutory appeal. We DISMISS the appeal because the order denying summary judgment was based on a dispute over material fact, not law, and is thus not a final, appealable order.

## FACTS AND PROCEEDINGS

On March 29, 2008, the Officers, members of the El Paso Police Department, were operating undercover. After hearing gunshots, the Officers saw someone in dark clothing chasing another individual while extending his right arm holding what appeared to be a gun. They exited their vehicle and followed the two individuals into Lucky's Grocery Store. There is dispute about what transpired inside the store, but ultimately the Officers fired their weapons at Martinez who died from the wounds.

The Officers testified that Martinez had a gun as he ran into the store and they heard gunfire upon entering the store. The Officers further claim that they ordered Martinez to drop his gun, but he refused to do so. Instead, Martinez , holding a black semi-automatic handgun in his right hand prepared to fire, and turned toward Defendant Mayorga. Fearing for their lives, the Officers testified, they fired at Martinez to prevent him from firing his weapon.

The Plaintiffs sued pursuant to 42 U.S.C. § 1983. They claimed that the Officers used excessive force against Martinez in violation of the Fourth Amendment. In support of their claim, Plaintiffs offered an affidavit of Plaintiff Oporto, stating that she was inside the store and witnessed all the relevant

2

No. 11-50060

events in question.  Oporto stated that her husband, Martinez, was unarmed and posed no threat when he was in the store.  The Officers moved for summary judgment based on qualified immunity.  The district court found there were genuine issues of material fact with respect to the Fourth Amendment claim and denied the Officers' motion for summary judgment.  The Officers now appeal.

## STANDARD OF REVIEW

This court reviews a district court's denial of summary judgment based on qualified immunity *de novo*. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).  "In an interlocutory appeal in which the defendant asserts qualified immunity, to the extent that the district court found that genuine factual disputes exist, we accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true."  *Id.*  Summary judgment is proper when there is no genuine issue of material fact "and the movant is entitled to judgment as a matter of law."  *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005); *see also* FED. R. CIV. P. 56(a).

## DISCUSSION

A.    Qualified Immunity

The Officers claim that the district court should not have denied summary judgment based on qualified immunity.

> To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred.

*Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007) (citing *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)).  "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively

3

No. 11-50060

reasonable under clearly established law, then the government official is entitled to qualified immunity." *Id.* (citing *Easter,* 467 F.3d at 462).

B.     Jurisdiction Over Interlocutory Appeals

Before addressing the merits, we must first determine whether we have jurisdiction over this interlocutory appeal.  Generally, unless the decision is final under 28 U.S.C. § 1291, this court lacks jurisdiction to review denial of a summary judgment motion.  However, there are two exceptions.  This court has jurisdiction when the denial of summary judgment on qualified immunity grounds is based on a conclusion of law.

> [O]rders denying qualified immunity are immediately appealable only if they are predicated on conclusions of law, and not if a genuine issue of material fact precludes summary judgment on the question of qualified immunity.  Stated another way, we have jurisdiction over law-based denials of qualified immunity, but do not have jurisdiction over a genuine-issue-of-fact-based denial of qualified immunity.

*See Naylor v. State of La., Dep't of Corr.*, 123 F.3d 855, 857 (5th Cir. 1997) (per curiam).  This court also has jurisdiction if the disputed facts are not material to determinations of qualified immunity.  *Manis v. Lawson*, 585 F.3d 839, 842 (5th Cir. 2009) ("Where, as here, the district court finds that genuinely disputed, material fact issues preclude a qualified immunity determination, this court can review only their materiality, not their genuineness").  Thus, we must first determine whether the order denying qualified immunity was based on a conclusion of law or a genuine issue of material fact.  If based on a fact, we must determine whether that fact is material to the qualified immunity determination.

1.     Law or Fact?

The question before the district court was whether the Officers' use of deadly force was objectively reasonable.  We have held that deadly force is reasonable "when the officer reasonably believes that the suspect poses a threat

of serious harm to the officer or to others." *Manis*, 585 F.3d at 843. Here, that reasonability determination requires a resolution of disputed facts. Oporto's signed affidavit claims the Officers shot an "unarmed, nondangerous suspect." If true, the shooting was an impermissible use of deadly force. The Officers, however, testified they saw a gun in Martinez's possession and shot him when he turned toward them with the gun. If true, the shooting was objectively reasonable. Thus, the determination of whether Martinez was armed and dangerous – a question of fact, not law – is the basis for the district court's order.

2.      Materiality of the Fact

We must next determine whether the factual dispute is material to the Officers' defense. This court has limited jurisdiction to review only whether the disputed fact is material, not whether it is genuine. *Manis*, 585 F.3d at 842. "An issue is material if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co. Inc.*, 297 F.3d 405, 409 (5th Cir. 2002). "If a factual dispute must be resolved to make the qualified immunity determination, that fact issue is material and we lack jurisdiction over the appeal." *Manis*, 585 F.3d at 843. Whether Martinez was armed is the fact in dispute. The district court found that evidence contrary to the Officers' testimony would undermine their qualified immunity defense. The officers contend that Oporto's affidavit is not material because she is not a credible witness. They further allege that the weight of physical and forensic evidence and the testimony of unbiased witnesses supports their defense. These arguments raise questions of truth, not whether these facts, if proven, would be material to the outcome of the suit. We agree with the district court that the disputed facts are material because Oporto's affidavit, if credited by a jury, could affect the outcome of the case. Thus, we cannot review the denial of the motion for summary judgment.

No. 11-50060

CONCLUSION

Because the district court found material facts were in dispute, we lack jurisdiction to consider the denial of summary judgment and therefore DISMISS the appeal. *Naylor*, 123 F.3d at 857.