# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31211

JON LEIGH SHOULDERS,

Plaintiff - Appellee

v.

LORENZO C. COLEMAN, Individually and in their official capacity as City of Baton Rouge and Baton Rouge Police Department Officers,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-00494

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jon Leigh Shoulders sued Lorenzo Coleman, an officer with the Baton Rouge Police Department, for the use of excessive force in violation of the Fourth Amendment. The district court refused to grant summary judgment to Coleman on the basis of qualified immunity. Coleman appeals. We DISMISS the appeal for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31211

FACTUAL AND PROCEDURAL BACKGROUND

In July 2008, Shoulders attended a concert in Baton Rouge, Louisiana. In the concert arena, Coleman and another officer arrested Shoulders. They removed him from the arena in order to issue a misdemeanor summons for smoking marijuana. Coleman instructed Shoulders to stand with his hands on the roof of Coleman's vehicle while he wrote the summons. At one point, Shoulders removed his hands from the vehicle and Coleman told him to put his hands back on the vehicle. Shoulders complied.

Before Coleman finished writing the summons, Coleman alleges he saw Shoulders moving towards him with fists clenched. He alleges that, upon seeing Shoulders move towards him, he struck Shoulders with a control technique called the "Brachial Plexus Stun Maneuver," which involved striking the back of Shoulder's neck with the edge of his right hand. The impact caused Shoulders to lose consciousness, fall, and strike his head on the pavement. His injuries included a fractured skull, brain bleeding, and permanent damage to the frontal lobe of his brain.

Shoulders filed suit against multiple defendants, including Coleman, for damages under 42 U.S.C. § 1983 and Louisiana tort law. Coleman and the other officers sued in their individual capacity filed a motion for summary judgment on qualified immunity grounds. Shoulders voluntarily dismissed his claims against all defendants except for Coleman. The district court denied summary judgment, concluding there were disputes of material fact as well as insufficient evidence to determine whether the force Coleman used was clearly excessive and objectively unreasonable. Coleman appealed.

DISCUSSION

Coleman raises only one issue on appeal. He argues that the district court erred when it denied qualified immunity because his actions in response

2

to Shoulders were objectively reasonable in light of clearly established law at the time of the incident.

If this court has jurisdiction, it is under 28 U.S.C. § 1291 and the collateral order doctrine. Although a denial of summary judgment is typically not subject to appeal, defendants have a limited ability to contest the denial of qualified immunity. *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Under the collateral order doctrine, we may immediately review a district court's denial of qualified immunity if it is "based on a conclusion of law." *Naylor v. State of La., Dept. of Corr.*, 123 F.3d 855, 857 (5th Cir. 1997) (citations omitted). "[W]e do not have jurisdiction to review the genuineness of any factual disputes but can decide whether the factual disputes are material." *Kovacic v. Villarreal*, 628 F.3d 209, 211 n.1 (5th Cir. 2010) (citations omitted). In addition, orders denying qualified immunity "are not immediately appealable if they are based on sufficiency of the evidence." *Naylor*, 123 F.3d at 857 (citation omitted).

"Where factual disputes exist in an interlocutory appeal asserting qualified immunity, we accept the plaintiff['s] version of the facts as true." *Kinney*, 367 F.3d at 348 (citations omitted). "In reviewing the district court's conclusions concerning the legal consequences – the materiality – of the facts, our review is of course *de novo*." *Id.* at 349 (citations omitted).

Accordingly, if we have jurisdiction to review the denial of qualified immunity, our analysis has two prongs. We first consider whether Shoulders "has adduced sufficient evidence to raise a genuine [dispute] of material fact suggesting [Coleman's] conduct violated an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citation omitted). "[W]e must then consider whether [Coleman's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* (citation and internal quotation marks omitted).

3

No. 13-31211

Under the Fourth Amendment, Shoulders had a right to be free from an excessive use of force by police effecting a seizure. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Whether the force used was excessive or unreasonable depends on "the facts and circumstances of each particular case." *Id.* at 396. "[R]elevant considerations include 'the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight.'" *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) (alterations in original) (quoting *Graham*, 490 U.S. at 396). Our review of reasonableness must also "'allow[] for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.'" *Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir. 2004) (alterations in original) (quoting *Graham*, 490 U.S. at 396-97).

The district court denied qualified immunity for two related reasons. The court found that there was a genuine dispute of material fact as to "the actions of Plaintiff that led to the relevant incident" and about "the reasonableness of Defendant Coleman's conduct," making summary judgment improper. The court explained its first finding – that there were genuine disputes of material fact regarding reasonableness – by stating, "Coleman used an extremely strong level of force to combat the least-serious level of resistance." The court held that Coleman's actions were in "disproportion" to Shoulder's resistance. As to the factual issues regarding Coleman's conduct, the district court found an absence of evidence as to key details. Specifically, the court noted that Coleman's report merely stated that Shoulders "stepped up" to Coleman with his "fist clench[ed]." It was undisputed that Shoulders did not throw a punch. It was important to the district court that the police report did not detail "the specific actions that Plaintiff took"; it only used the

4

No. 13-31211

ambiguous term "stepped up."   The court contrasted the narratives in Coleman's deposition and written report with his separate report on his use of force, saying the evidence provided more than one view of what happened.

The district court found both that there was insufficient evidence to explain Shoulders' actions just before Coleman struck him, and that there were disputes of material fact.  For both reasons, no ruling on qualified immunity could be made at that stage.

Coleman argues that the facts the district court found were not genuinely in dispute.  For example, Coleman quotes at length from his own deposition, then argues: "This testimony makes clear that [Coleman] reasonably perceived himself to be in danger of receiving an imminent physical attack upon his person."  We have already discussed that a district court's determination that there are factual disputes is unreviewable on interlocutory appeal; the party challenging the denial of qualified immunity must instead show those disputes do not concern material facts, and Coleman fails to do so. *See Kovacic*, 628 F.3d at 211 n.1.  The district court also found there was insufficient evidence of what Coleman saw and would have perceived to be a threat.  In this "interlocutory appeal we cannot challenge the district court's assessments regarding the sufficiency of the evidence – that is, the question whether there is enough evidence in the record for a jury to conclude that certain facts are true." *Kinney*, 367 F.3d at 347 (citation omitted).

We DISMISS Coleman's appeal for lack of jurisdiction.