# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60665
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2017

Lyle W. Cayce
Clerk

ROGER JOHNSON,

Plaintiff-Appellee

v.

CAPTAIN WILLIE E. JOHNSON; OFFICER DELANIO SANDERS; SERGEANT CARL E. MEDLOCK; SERGEANT WILLIAM H. THORNTON,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-393

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roger Johnson, Mississippi prisoner # 59930, filed a 42 U.S.C. § 1983 complaint alleging that the defendants violated their constitutional duty to protect him from violence at the hands of fellow inmates while he was a pretrial detainee at the Hinds County Detention Center located in Raymond, Mississippi (HCDC-Raymond). This is an interlocutory appeal from an order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying the defendants' motion for summary judgment based on qualified immunity. The defendants challenge the quality of the summary judgment evidence presented by Johnson and argue that they are entitled to qualified immunity as a matter of law. Alternatively, they ask this court to exercise appellate jurisdiction over the district court's denial of their motion to dismiss Johnson's suit on limitations grounds. They also move to strike those portions of Johnson's appellate brief related to the denial of his motion for partial summary judgment because he did not file a notice of cross-appeal from the judgment denying same. That motion is granted.

## I.   *Summary judgment*

We have jurisdiction to review the denial of summary judgment based on qualified immunity grounds if the denial is "predicated on conclusions of law, and not if a genuine issue of material fact precludes summary judgment on the question of qualified immunity." *Naylor v. State of La., Dep't of Corr.*, 123 F.3d 855, 857 (5th Cir. 1997); *Hinojosa v. Livingston*, 807 F.3d 657, 663 (5th Cir. 2015). We also have jurisdiction to determine whether the disputed facts found by the district court are material. *Manis v. Lawson*, 585 F.3d 839, 842-43 (5th Cir. 2009). Defendants who invoke a qualified immunity defense may not appeal the district court's denial of summary judgment insofar as the order determined whether the record sets forth a "genuine" issue of fact for trial. *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995); *Manis*, 585 F.3d at 842-43.

The rights of pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause. *Cupit v. Jones*, 835 F.2d 82, 84 (5th Cir. 1987). "It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S.

825, 832-33 (1994)).   In this case, the standard of subjective deliberate indifference enunciated in *Farmer*, 511 U.S. at 825, 832-33, is the measure of culpability.  *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc).  "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To establish liability, an official must know of and disregard a substantial risk of serious harm.  *Id.* at 755.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

A.     *Supervisory defendants*

The district court determined that there were disputed issues of fact regarding whether the supervisory defendants knew of the threats to Johnson, whether they investigated Johnson's grievances, and whether they should have sent Johnson to the more secure protective custody unit at Hinds County Detention Center in Jackson, Mississippi, sooner.  These disputed facts bear on whether the supervisory defendants were deliberately indifferent to Johnson's safety.  *See Farmer*, 511 U.S. at 837.  Because these factual disputes must be resolved in order to make the qualified immunity determination, they are material.  *Manis*, 585 F.3d at 842-43.  Accordingly, this court lacks jurisdiction to consider the denial of summary judgment as to the supervisory defendants.  *Naylor*, 123 F.3d at 857.

B.     *Officer Sanders*

In its treatment of Officer Sanders's claims, the district court found that there was conflicting information regarding whether Officer Sanders released the inmate who began the attack on Johnson, whether Officer Sanders knew Johnson was out of his cell, whether the inmate who began the attack on Johnson was in the general population or in the protective custody area at the

time of the attack, how other inmates gained entry into the protective custody area, whether Officer Sanders knew and was deliberately indifferent to a defect in security, whether Officer Sanders violated procedure for releasing an inmate from his cell, and why Officer Sanders remained at the control desk for several minutes while the fight was ongoing.  These disputed facts bear on whether Officer Sanders was deliberately indifferent to Johnson's safety.  *See Farmer*, 511 U.S. at 837.  Because these factual disputes must be resolved in order to make the qualified immunity determination, they are material.  *Manis*, 585 F.3d at 842-43.  Accordingly, this court lacks jurisdiction to consider the denial of summary judgment as to Officer Sanders.  *Naylor*, 123 F.3d at 857.

## II.    *Pendent appellate jurisdiction*

The denial of a statute of limitations defense is not an immediately appealable final order; therefore, we may consider such an order only if we exercise pendent jurisdiction.  *See Aldy on Behalf of Aldy v. Valmet Paper Machinery*, 74 F.3d 72, 75 (5th Cir. 1996).  "Pendent appellate jurisdiction is only proper in rare and unique circumstances where a final appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order."  *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998).  A statute of limitations defense is not "inextricably intertwined" with the denial of qualified immunity, so as to give rise to pendent appellate jurisdiction.  *See Hernandez v. Terrones*, 397 F. App'x 954, 963-64, 975 (5th Cir. 2010).

Based on the foregoing, we conclude that we lack jurisdiction over the district court's denial of the defendants' motion to dismiss based on the statute of limitations defense, and do not reach the merits of that claim.

No. 15-60665

APPEAL DISMISSED FOR LACK OF JURISDICTION; MOTION TO STRIKE GRANTED.