IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-61013
Summary Calendar

DEMPSEY LEVINS,

Plaintiff-Appellee,

v.

THOMAS SMITH,
Both Individually and in His Official Capacity,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:04-CV-728

Before JOLLY, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Thomas Smith brings this interlocutory appeal challenging the denial of his motion for summary judgment based on qualified immunity. On interlocu-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tory appeal, our jurisdiction is limited, and we are bound where the district court has said a genuine issue of fact exists, though we may review the court's determination that a course of conduct is, as a matter of law, objectively unreasonable in light of clearly established law. Kinney v. Weaver, 367 F.3d 337, 346-47 (5th Cir. 2004) (en banc).

The district court found that there are genuine issues of material fact regarding the events of January 21, 2002, that resulted in Dempsey Levins's multiple injuries. We cannot resolve whether Smith merely used excessive force, as Levins avers, or whether Levins threatened Smith, thereby requiring the use of force, as Smith contends.

The only question over which we have jurisdiction is whether the actions of Smith, viewed in the light most favorable to the plaintiff, Levins, were objectively unreasonable in light of the clearly established law that the use of excessive force "in the context of an arrest or investigatory stop of a free citizen" is a violation of the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 394 (1989); Heitschmidt v. City of Houston, 161 F.3d 834, 839-40 (5th Cir. 1998). Whether the force is excessive is the key inquiry and is analyzed under the Fourth Amendment's "reasonableness" standard. Graham, 490 U.S. at 395. That inquiry "coincides in large part with the inquiry for determining qualified immunity, the objective reasonableness of the [officer's] conduct." Heitschmidt, 161 F.3d at 839.

Construing the facts in the light most favorable to Levins, as we must in this interlocutory appeal, we cannot say that the use of pepper spray, tackling and choking, twisting an arm until it fractures, and striking someone in the head with a flashlight are objectively reasonable uses of force where a motorist merely exits his automobile at the commencement of a traffic stop. Therefore, we affirm the denial of summary judgment and remand for further proceedings.

We express no view on the ultimate outcome of the case. On remand, the factfinder will need to resolve the outstanding issues of material fact to decide whether the plaintiff's version is true. The en banc court in Kinney described this circumstance as follows:

> Since we lack jurisdiction to review a denial of summary judgment based on the district court's conclusion that fact questions exist regarding whether the defendants engaged in conduct that would violate clearly established law, officials may sometimes be required to proceed to trial even though the ultimate resolution of those factual disputes may show that they are entitled to qualified immunity from liability. The Supreme Court recognizes that this "threatens to undercut" the policy of affording immunity from trial, but the Court has said that "countervailing considerations" nonetheless support this limitation on interlocutory jurisdiction." See Johnson [v. Jones], 515 U.S. [304, 317-18 (1995)].

Kinney, 367 F.3d at 346 n.8.

AFFIRMED and REMANDED.