BENAVIDES, Circuit Judge,
dissenting:
Because I would affirm the district court’s denial of summary judgment as to both Baxter and Robertson, I respectfully dissent from the majority’s determination reversing the district court as to Robertson and dismissing him from the case.
As the majority notes, this court’s review of an interlocutory appeal from a district court’s denial of summary judgment differs from our typical de novo review of summary judgment rulings. With respect to an interlocutory appeal asserting qualified immunity, “an appellate court may not review a district court’s determination that the issues of fact in question are genuine.” Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.1998) (on denial of reh’g en banc) (citing Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995)). Instead, our jurisdiction is limited to reviewing de novo whether the district court correctly determined “that the issues of fact in question are material.” Id. (citing Behrens v. Pelletier, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)); see also Kinney v. Weaver, 367 F.3d 337, 349 (5th Cir.2004) (en banc). In other words, while we are barred from second-guessing the district court’s finding of a genuine factual dispute, we may consider whether the plaintiffs version of the facts, assumed to be true, nonetheless fails to support the district court’s denial of summary judgment when considered in light of the legal standards governing qualified immunity. See Juarez v. Aguilar, 666 F.3d 325, 331-32 (5th Cir.2011) (“Where factual disputes exist in an interlocutory appeal asserting qualified immunity, we accept the [plaintiffs] version of the facts as true.”); Chiu v. Plano Indep. Sch. Dist., 260 F.3d 330, 341 (5th Cir.2001). As stated by the majority, qualified immunity should be denied if a defendant’s conduct is objectively unreasonable under clearly established law. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Applying this standard of review, the question before this court is whether, accepting Aguilar’s version of the facts as true, the district court correctly found that, under clearly established law, Robertson used excessive force in stopping Aguilar.
Under clearly established law, excessive force is triggered by a defendant’s objectively unreasonable conduct, which is assessed through a fact-intensive review of the totality of the circumstances. White v. Balderama, 153 F.3d 237, 241 (5th Cir.1998) (citing Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). I agree with the majority that, pursuant to this objective reasonableness test, “some degree of force” is permissible in making an arrest or an investigatory stop. But it is also clear that force— irrespective of degree — is only permissible to the extent that it is actually needed to effectuate an arrest or stop. See Bush v. Strain, 513 F.3d 492, 502 (5th Cir.2008) (quoting Saucier v. Katz, 533 U.S. 194, 208, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). In this case, I do not believe that the facts, as presented by Aguilar, indicate that Robertson could have reasonably believed that any force was necessary to stop Aguilar, and surely not the degree of force alleged by Aguilar. Specifically, Aguilar claims that, after noticing the deputies waving at him from the middle of the road, he “hit the brakes in order to stop.” Pl.’s Resp., Att. 1 at 1. Before Aguilar was able to come to a complete stop, however, Rob *452 ertson intentionally[1] struck him with enough force to fracture his left shoulder clavicle bone. Id. Aguilar also alleges that, at the time of contact, he had almost come to a complete stop and was traveling “approximately one to three miles per hour.” Id. Accepting these facts as true, I do not find that an officer could have objectively believed that any force was necessary to stop Aguilar and I therefore agree with the district court that Robertson “used more force than was reasonably necessary under the circumstances.” R. 250.
My conclusion that no force was necessary is confirmed by the fact that Robertson has never argued that he struck Aguilar in order to reasonably effectuate a stop. Instead, in his offense report Robertson contended that the contact was accidental, and this is the same version of events that the appellants urge this court to adopt on appeal. See R. 56 (“As the motorcycle passed, my left hand caught the driver[’]s left shoulder.”); Br. of Appellants 7, 20. We have no jurisdiction on this interlocutory appeal to consider the genuineness of this factual dispute, and we therefore accept Aguilar’s version of the facts rather than Robertson’s. Nonetheless, Robertson’s allegations illustrate that the key issue in this case is not the legal question of whether Robertson’s use of force was reasonable. Instead, the key issue is one of pure fact: whether Aguilar was attempting to stop before he was struck by Robertson, or whether he deliberately failed to stop and struck Robertson’s hand as he passed him. The parties’ disagreement over who initiated the contact presents a genuine factual dispute because, under Robertson’s version, the contact was merely accidental, while under Aguilar’s version, the contact was intentional. But, on its face, this factual dispute also easily resolves the remaining legal question of whether Robertson’s contact was objectively reasonable because neither party claims that Robertson struck Aguilar in order to bring him to a stop. Stated in other words, because it is undisputed under each party’s version of the facts that Robertson’s contact was neither intended nor necessary to bring Aguilar to a stop, the genuine factual dispute over whether Aguilar or Robertson initiated the contact is also material. Under Aguilar’s version, Robertson’s conduct was unconstitutional because he intentionally struck Aguilar when no force was necessary, while under Robertson’s version, his conduct was constitutional because the contact was accidental. Cf. Schmidt v. Gray, 399 Fed.Appx. 925, 928 (5th Cir.2010) (affirming denial of summary judgment because officer’s intentional slamming of patrol car trunk on plaintiffs finger, which officer claimed was inadvertent, was objectively unreasonable since “neither party contends that any use of force was necessary”). Thus, because this factual dispute is material, I find that the district court correctly denied summary judgment as to Robertson.
Furthermore, even if I were to ignore Robertson’s own acknowledgment that his contact with Aguilar was not aimed at bringing Aguilar to a stop and, instead, look solely to Aguilar’s facts, I nonetheless *453 find that the district court’s analysis is consistent with caselaw examining what level of force is objectively unreasonable. See Bush, 513 F.3d at 502 (“[T]he permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer’s safety, and whether the suspect was resisting arrest or attempting to flee.” (citing Graham, 490 U.S. at 396, 109 S.Ct. 1865)). There is no doubt that a speeding violation is low on the severity scale. More importantly, the facts presented by Aguilar contradict both the majority’s conclusion that Aguilar “posed a threat” and the majority’s suggestion that “whether Aguilar was resisting arrest or attempting to flee is disputed.” First, although Aguilar’s failure to stop could have been viewed as a threat if Robertson reasonably believed Aguilar might have been attempting to hit him, the facts alleged by Aguilar indicate not only that he had nearly come to a complete stop and had slowed down to “one to three miles per hour,” but also that Aguilar was trying to avoid hitting the deputies as Robertson stepped in front of him. It seems to me that if Robertson reasonably believed that Aguilar might pose a threat by attempting to deliberately hit him, he would not have stepped in front of the vehicle in the first place. In fact, Robertson, himself, appears to acknowledge that he did not believe Aguilar was deliberately attempting to hit him, as he stated in his offense report that he had “observed the motorcycle’s front end dive as the driver started braking hard” and “realized the motorcycle was not stopping fast enough.” R. 56. Thus, the only “threat” posed by Aguilar was one that Robertson created himself by stepping in front of Aguilar as he struggled to come to a complete stop.
Second, I find it difficult under Aguilar’s version of the facts to conclude that a reasonable officer could have believed that Aguilar was either resisting arrest or attempting to flee. Not only does Aguilar expressly assert that “[a]t no point in time was [he] attempting to flee the officers or resist arrest,” Pl.’s Resp., Att. 1 at 1, but, assuming, as we must, that Aguilar “hit the brakes” and nearly came to a complete stop before reaching the deputies, I do not see how a reasonable officer could have doubted that Aguilar was attempting to comply with the order to stop. Indeed, Robertson admits, as noted above, that Aguilar was “braking hard” before he reached the deputies. R. 56.
In addition, the cases cited by the majority to illustrate examples of reasonable force are distinguishable from this case in that they involve arrests in which the officer caused no physical harm, Greene v. Knight, 564 F.Supp.2d 604 (N.D.Tex.2008), the plaintiff resisted arrest, Davis v. Rodriguez, 364 F.3d 424 (2d Cir.2004), or force was necessary to cause the arrest, Kellough v. Bertrand, 22 F.Supp.2d 602 (S.D.Tex.1998). As discussed above, none of these three situations arise from the facts alleged by Aguilar. Instead, the case before us is more closely aligned with cases in which an officer’s use of force was excessive because 1) the force was employed in the context of a minor traffic violation and 2) the level of force was unnecessary under the circumstances to effectuate the arrest. See Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir.2009); Bush v. Strain, 513 F.3d 492, 502 (5th Cir.2008); see also Newman v. Guedry, 703 F.3d 757, 762 (5th Cir.2012) (holding that use of taser and nightstick to compel compliance during traffic stop was objectively unreasonable); Levins v. Smith, 285 Fed.Appx. 197, 198 (5th Cir.2008) (finding use of pepper spray and other physical force in reaction to plaintiff exiting vehicle during traffic stop to be objectively unreasonable).
*454 Furthermore, even if the facts of cases like Deville and Bush are marginally distinguishable from the facts described by Aguilar,[2] such distinctions do not place this case into any of the categories represented by Greene, Davis, or Kellough. Indeed, Aguilar’s facts arguably provide more evidence of excessive force than the facts in Deville and Bush insofar as the plaintiffs in those cases resisted arrest, at least initially, and the officers’ reasonableness hinged on whether the degree of force used to effectuate the arrests was appropriate. Similarly, in Newman v. Guedry, the court held that the use of a taser and nightstick to compel compliance during a traffic stop constituted an objectively unreasonable degree of force because the officers failed “to use physical skill, negotiation, or even commands” before applying such force. 703 F.3d at 762. In comparison, and as explained above, the facts alleged by Aguilar indicate that no force was needed to stop him, as a reasonable officer would have observed that Aguilar was attempting to come to a complete stop and had nearly done so before reaching the deputies. Thus, in contrast to Deville, Bush, and Newman, we need not reach the question of whether the degree of force used by Robertson was reasonable because Aguilar’s facts, bolstered by Robertson’s own admissions, show that no force was necessary to effectuate the stop.
As emphasized by the district court, under Robertson’s version of the facts, there is little doubt that his allegedly accidental contact with Aguilar was objectively reasonable. Yet for this interlocutory appeal, where we review only the materiality of the underlying factual disputes and thus accept the plaintiffs facts as true, we are compelled to credit Aguilar’s version of the facts — facts which, in my view, demonstrate that Robertson’s conduct was objectively unreasonable under clearly established law. Accordingly, because I find that the district court did not err in concluding that there is a material factual dispute over whether Robertson used objectively reasonable force in striking Aguilar, I would affirm the district court’s denial of summary judgment as to Robertson,[3] thus allowing this case’s genuine factual disputes to be resolved by a jury.[4]

. Robertson’s allegedly intentional contact is important to this case, not in order to show bad intent, which is irrelevant to our objective reasonableness inquiry, see Graham, 490 U.S. at 397, 109 S.Ct. 1865; Harlow, 457 U.S. at 817-18, 102 S.Ct. 2727, but rather to point out that Aguilar disputes Robertson’s claim that Aguilar struck Robertson's hand as Aguilar passed him. See Br. of Appellants 7. Indeed, this is one of the genuine disputes of material fact on which the district court's decision focused, R. 251, and our task is to decide whether this factual dispute is material, not to question whether the dispute is genuine.

. The majority suggests, for example, that De-ville and Bush are distinguishable because they "involved fairly significant acts of force,” which, respectively, included hitting a plaintiff’s face into a car and throwing a plaintiff up against a car. Accepting Aguilar's version of events as true, however, I find Robertson’s allegedly intentional blow to Aguilar, which was made with enough force to break Aguilar’s clavicle bone, to be comparable to the force in Deville and Bush. The majority also points out that the plaintiffs in Deville and Bush had no opportunity to flee, but, as noted above, I find that no reasonable officer would have perceived Aguilar as posing a flight risk.

. Alternatively, to the extent that Robertson contests the genuineness of the factual disputes in this case, the appeal should be dismissed because, having determined, as a matter of law, that the factual disputes in this case are material, this court has no jurisdiction to review the district court’s determination that the disputes are genuine. See, e.g., Newman, 703 F.3d at 764; Oporto v. Moreno, 445 Fed.Appx. 763, 766 (5th Cir.2011); Gragert v. Waybright, 423 Fed.Appx. 428, 431 (5th Cir.2011); Linbrugger v. Abercia, 363 F.3d 537, 544 (5th Cir.2004).

.As indicated throughout my dissent, the relevant question in this case is whether, under Aguilar’s version of the facts, any force was necessary to bring him to a stop. It is worth repeating that I believe no force was necessary under Aguilar’s facts, which state that *455 Aguilar was attempting to and had nearly come to a complete stop at the time force was used. The majority, in making its objective reasonableness determination, appears to assume that some force was needed, and then asks whether the degree of force used was reasonable. It is the majority’s omission of the crucial threshold question of whether any force was needed to effectuate the stop, not the majority’s correct statement that some degree of force may be used when necessary to effectuate an arrest or stop, which provides the basis for my dissent.