# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40810

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2014

Lyle W. Cayce
Clerk

JANET CARLOW,

Plaintiff - Appellee

v.

DANIEL RIVERA; ROBERT CRAMER; MARK CAZALAS,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-146

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

This interlocutory appeal, by Daniel Rivera, Robert Cramer, and Mark Cazalas, stems from Janet Carlow's 42 U.S.C. § 1983 action, against them and Judy Sutton, her supervisors at the state-run Corpus Christi State Supported Living Center, for the claimed violation of her First Amendment right to free speech. (Sutton was dismissed through summary judgment.) Carlow contends she was not considered for a promotion and, later, was terminated, because she

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

had spoken on matters of public concern. (Cramer is the only alleged decision-maker for the failure-to-promote claim.)

Defendants moved for summary judgment, asserting, *inter alia*, they are entitled to qualified immunity. The district court granted summary judgment for Sutton and Cramer against the retaliatory-termination claim. Order Granting in Part and Denying in Part Defs.' Mot. for Summ. J. at 14–15, *Carlow v. Rivera*, No. 2:12-CV-146 (S.D. Tex. 1 July 2013). On the failure-to-promote claim, the court found genuine disputes of material fact regarding whether Carlow timely and properly submitted her application and Cramer's motive for failing to consider it. *Id.* at 11–12. For the retaliatory-termination claim against Rivera and Cazalas, the court found a genuine dispute of material fact regarding "whether [Carlow] would have been terminated if she had not spoken out on matters of public concern". *Id.* at 16.

Appellants contend the district court determined improperly they were not entitled to qualified immunity. Under 28 U.S.C. § 1291, this court has jurisdiction to review the district court's denial of qualified immunity as "a collateral order capable of immediate review". *E.g.*, *Club Retro, LLC v. Hilton*, 568 F.3d 181, 193–94 (5th Cir. 2009). That jurisdiction, however, is "severely curtailed" and "restricted to determinations of question[s] of law and legal issues". *Id.* at 194 (alteration in original) (citation and internal quotation marks omitted). "Where . . . the district court finds that genuinely disputed, material fact issues preclude a qualified immunity determination, this [appellate] court can review only their materiality, not their genuineness." *Manis v. Lawson*, 585 F.3d 839, 842 (5th Cir. 2009) (citation omitted). A factual issue is material if it "must be resolved to make the qualified immunity determination". *Id.* at 843 (citation omitted); *Gragert v. Waybright*, 423 F. App'x 428, 431 (5th Cir. 2011) (stating fact is material if it might affect the

action's outcome).    Whether genuine factual disputes are material to the question of qualified immunity is reviewed *de novo*. *Manis*, 585 F.3d at 843.

For summary judgment, the record and evidence are viewed "in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor". *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citations omitted).    Once a government official invokes qualified immunity, however, the *burden of proof* shifts to plaintiff to show:  (1) "a violation of a clearly established constitutional right" and (2) "genuine issues of material fact concerning the [objective] reasonableness" of the official's conduct, "under clearly established law existing at the time of the incident". *Id.* at 490 (citations omitted).

Appellants do not dispute Carlow has asserted a violation of a clearly-established-constitutional right; instead, they contend their actions were objectively reasonable, based on their "knowledge, perceptions, and policies at the time" of the adverse action. *Gonzales v. Dall. Cnty., Tex.*, 249 F.3d 406, 412 (5th Cir. 2001) (citation omitted).    Cramer contends he did not consider Carlow's application because he never received it.  Rivera and Cazalas contend, regardless of her protected speech, Carlow would have been terminated based on violations of agency policy.

Generally, for an interlocutory appeal concerning the summary-judgment denial of qualified immunity, this court has jurisdiction to determine "the purely legal question whether a given course of conduct would be objectively unreasonable in [the] light of clearly established law". *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008).    When a district court determines genuine disputes of material fact prevent a determination of that question, however, "we lack jurisdiction over such appeals of fact-based denials". *Id.* at 516.  This limited jurisdiction necessarily means "officials may sometimes be required to proceed to trial even though the ultimate resolution of those factual

disputes may show that they are entitled to qualified immunity from liability". *Kinney v. Weaver*, 367 F.3d 337, 346 n.8 (5th Cir. 2004) (en banc).

Here, genuine disputes of material fact identified by the district court are material to Appellants' reasonableness, *vel non*. Regarding the failure-to-promote claim, and construing all factual inferences in Carlow's favor, the factual question regarding the timeliness and completeness of her application raises a material fact issue on whether Cramer received the application, but failed to consider it. Regarding the retaliatory-termination claim, Carlow disputed all allegations in her notice of termination and provided evidence that Rivera and Cazalas had knowledge of, and animus toward, her protected speech, presenting a material fact issue on the motive for her termination.

Accordingly, this court lacks jurisdiction for this appeal. Therefore, it is DISMISSED.